case Jimenez-Lopez v. Garland and the case of Fong-Tung v. Garland are both submitted on the briefs and so we will hear the first case for argument which is Velasco-Barragan v. Garland and I understand that both of the council are on the screen and can you both hear us yes your honor good all right then counsel for the petitioner may proceed thank you your honors and may it please the court Jonathan Gonzalez on behalf of the petitioner I'd like to reserve two minutes for rebuttal and I'll keep an eye on the clock petitioner respectfully requests the court remand this case for two main errors first the immigration judge violated due process and erred in holding the petitioner failed to establish the necessary hardship for cancellation of removal relief which this court reviews under the de novo standard and second the immigration judge and the Board of Immigration Appeals erred regarding petitioners particular social group which this court reviews under the abuse of discretion standard first this court should remand this first this court should remand this case to correct the due process violation the court reviews de novo claims of due process violations Lou V Holder the court lacks jurisdiction to review the merits of a discretionary decision to not deny cancellation of removal but it does have jurisdiction to review whether the immigration judge considered relevant evidence in making this decision due process violations have been identified in this court in cases where the immigration judge petitioner from fully and fairly presenting their case Cruz Rendon V Holder here the immigration judge failed to consider relevant evidence provided by licensed psychologists that both of petitioner's sons were suffering anxiety and that his youngest son warranted psychological intervention further the evidence on that issue I'm sorry your honor I couldn't hear your question very well did I understand you to say that the the immigration judge refused to receive evidence on that issue the immigration judge limited testimony from potential witnesses including that psychologist that's dr. Hernandez correct well didn't didn't counsel say they were satisfied with the affidavit submitted by dr. Hernandez and that they didn't they didn't need to do more my understanding your honor we did not have this case in front of the immigration judge we picked it up on the appeal but my understanding is counsel attempted to get testimony from the psychologist and was limited well I think that then you know you're unaware that the the council said they were the okay well if I if I misstated the record I apologize okay the immigration judge did however discourage testimony from the petitioner 16 year old son before saying your testimony will not change my decision these errors led the immigration judge to make the decision without considering the relevant evidence to find that both children are healthy and do not have any mental health issues the discouraged evidence which led to an incorrect conclusion that a child who warranted a psychological intervention does not have any mental health issues the immigration judge did not find that the child had mental health issues insufficient to justify a finding of exceptional and extremely unusual hardship but rather found that the child did not have any mental health issues a little bit confused about this argument because is your complaint that the judge did not hear from the child is that what your due process argument is that he did the judge discouraged or prevented the child from testifying that the judge there there were three errors in the judge not considering the relevant evidence one of them was discouraging the 16 year old older child from that I have in my record was that the judge did not allow the the psychologist to testify and limited other witnesses well we've already covered the psychologist affidavit that I understood the the record the judge repeatedly said that it was up to the petitioner whether the petitioner wanted to call the child the judge was only concerned that the petitioner concerned that be concerned about the the the effect of doing that on the child which in other words the child taking responsibility for the outcome of the of the case but you're not suggesting that the judge prevented the child from testifying are you know not that the judge prevented the child from testifying just that the judge stated that they would the testimony of the child would not affect the judge's decision can you point exactly what you consider to be that representation by the judge I understand in context the IJ to be saying the child would feel responsible if they didn't affect the decision not that there was no way the child could affect the decision yes I have at CAR 248 the judge telling the child your testimony would not change my decision and at CAR 133 and 233 the immigration judge discouraging testimony from the petitioner 16-year-old son additionally the Board of Immigration Appeals aired in stating there was no indication that the immigration judge precluded witnesses testimony and is stating the petitioner did not identify any hardship that he was unable to prejudice petitioner's case and he should be allowed to fully and fairly present his case to the immigration judge next this court should remand this case because of immigration judge and Board of Immigration Appeals errors regarding petitioners particular social group which this court reviews under the abuse of discretion standard an applicant may qualify for asylum or withholding of removal by demonstrating that his or her life or freedom would be on account of a protected ground including membership in a particular social group petitioner is a member of two particular social groups the first group is pochos or long-term residents of the United States deported to Mexico the immigration judge incorrectly alleges that because she granted petitioner voluntary departure he would no longer be considered deported to Mexico but petitioner presented voluminous evidence of the country conditions of Mexico including the persecution inflicted upon recent deportees and arrivals from the United States and distinguished his particular social group from the rejected group in Delgado Ortiz the holder since he has resided in the US now for over 20 years and therefore is more Americanized than others deported after less time in the United States why is that a distinction what what makes it different if he's been here 20 years or five years or ten years it's the ability of those back in Mexico who who are the risk of the harm that positioner might suffer more easily recognizing him as Americanized upon his return to Mexico well and if you're not okay I guess you could make the opposite argument that the longer he's been here the less likely they are to recognize him but evidence shows yeah the evidence submitted shows that the locals very easily recognize those who are new arrivals if your honors have no further questions I'd like to save my remaining time for rebuttal thank you your honors thank you we'll hear from the government morning your honors may it please the court my name is Elizabeth Altman on behalf of the government the court should dismiss this petition for review in part and deny it in part because petitioners arguments are either outside of the scope of this court's just jurisdiction or otherwise fail to establish any basis to overturn the denials I'll start first with the cancellation of removal to address petitioners arguments about the due process in order to show in order to show it a constitutional violation occurred the petitioner needed to establish both legal error and prejudice and he fails on both counts the immigration judge as your honors pointed out the immigration judge never prevented or precluded him from presenting any expert witnesses or his she provided a flexible framework she allowed affidavits and only noted her concern that she did not want to hear cumulative testimony on the that was a testimony that would be cumulative with the affidavits that were presented in this case she always left it up to the discretion of the petitioner and his counsel as to who to call and I think the record is just pretty clear on that I would also note that in terms of providing him with a full and fair opportunity to present his case this quote the immigration judge in this case actually allowed him to retract his waiver of the family-based claim and then actually continued the case so that he could present arguments on that specific claim that had previously been waived and also submit an affidavit from the brother concerning the child she merely noted her concern that children often internalize these types of decisions but again ultimately left to the discretion of petitioner and his counsel on whether or not to call the child and then he also fails to show any test any prejudice by the by these by his decision not to have these people testify although he asserts kind of broadly that the elder child would have would have testified to medical hardship of the younger child as well as the lack of opportunities those things were considered by the immigration judge and the immigration judge did consider dr. Hernandez's affidavit in and her her statement that the younger child needed immediate psychological intervention that was in January 2017 that evidence was weighed with petition with evidence of petitioners testimony that none of his children were suffering any mental health or physical medical problems and so the the record does show that the agency properly considered dr. Hernandez's affidavit as well as other testimony presented by petitioner and he fails to state with any specificity what the child or any of these experts would have testified to that would have altered the outcome of his case and so for those reasons any due process or constitutional violation based on the hardship determination fails going to his arguments regarding the particular social group his arguments are really focusing on whether or not petitioners may be a member of the proposed of the group he proposes whereas the agency's very specifically about the cognitive ability of the proposed particular social group and specifically they found the group of long-term residents deported to the United States was not sufficiently particular because the terms did not provide a clear benchmark to determine who falls in and who falls out and he also failed to establish that the terms have commonly understood definitions in Mexican society and that is what particularity is about similarly with social distinction this is looking at the group as a whole not whether or not he's a member that's a separate issue that needs to be established in order to qualify for assignment you have to show the existence of a cognizable particular social group and also that the petitioner is a member in that group so the fact that he maybe lives in the United States for a long time and therefore is more Americanized really goes to whether or not he might be considered a member not whether the group is cognizable so those arguments really failed to refute any of the agency's specific determinations as to the cognizability of the particular social group well I think counsel I think he may be trying to suggest that there's a different group of people as a different social group constituting people who have been in this country a very long time can you respond to that well to the so your honor I'm sorry I think I heard an echo um to the extent are you saying that he's suggesting a new group that is different than long term residents of the United States yes yes a kind of really long term residents in the United States well I would say that wasn't presented to the agency so that issue is not sufficiently exhausted so whether or not he's trying to present a new group before this court that wasn't presented to the board or the immigration judge for that matter and again I don't I think that the issues the findings of the immigration judge and that that were affirmed by the board regarding particularity and social distinction would remain the same issues that would be present in that group so I don't think it materially really changes the analysis that the agency put forth and I would assert that he's still his arguments still fail to really challenge meaningfully challenge what the agency actually concluded in this case which was that his group as proposed was not in particular or socially distinct I would note that this only goes to one of his claims he also presented a family based claim and so I would next move on to the agency's nexus determination which was we discussed in the context of this application for withholding of removal the agency concluded that when looking at either of his claims for relief either the long-term deportees a family-based claim what really petitioner was articulating was a fear of generalized violence in Mexico indiscriminate violence that was motivated by either the criminals desire to for financial gain he was mostly concerned with extortion or being robbed and it's well established in this court's president that that is not a fear of persecution on account of a protected ground because he hasn't articulated a protected basis of why he would be why persecutors would be motivated to harm him and the key question in a nexus analysis is the motivation of what motivates the persecutor to act and here the agency concluded it was financial gain or just general criminal intent to perform a robbery or extortion and so he's really failed to articulate a valid claim for asylum or withholding of removal and even considering his family-based claim that is mostly based off of two robberies that occurred in 2015 to his brother Raphael at the doctor's office where Raphael worked nothing has happened to his family members since that time there have been no threats of harm or incidents of harm to his family members that includes his children who live in a neighboring state of Puebla his wife who lives in Veracruz with Raphael and also petitioner and Raphael's brother Francisco who works at the doctor's office and also lives in the state of Veracruz and no one in the family has been harmed and there's been no even threat or incident of harm since those 2015 robberies and so really petitioner has failed to articulate any fear of future harm on account of a protected ground and so his claims for withholding failed and then moving to the our one-year bar argument the court lacks jurisdiction to consider petitioners challenge to the agency's conclusion that he did not file his asylum application within one year and failed to establish he qualifies for an exception the only testimony that was elicited regarding the one-year bar occurred on pages 180 and 181 of the record and it's very short exchange on cross-examination between between DHS counsel and petitioner where petitioner confirms that he entered the United States in 2000 he had a fear of returning at that time but he did not file for asylum because he did not know the law and he was not in removal proceedings he also confirmed that in 2014 when he was placed in removal proceedings he told an immigration judge that he did not have a fear of returning to Mexico and had never been harmed in the past and it was only would you agree that the judge did not make a factual determination on that issue I believe she did I think if you look at her decision on page 192 she goes through that testimony that I was discussing on pages 180 and 181 and she makes those findings of fact that he testified that this is what happened and he only suggested that he possibly filed for asylum in 2016 due to I believe the quotas crime had gone up when I say resolution I mean did the court rule on that issue I believe so she specifically said on page 92 of the record that none of that testimony it was established a an exception to the one year filing requirement so she by looking at that testimony she then concluded that nothing that had been presented constant was a valid excuse for not failing to timely file but but isn't that really saying that regardless of whether the circumstances have changed or the circumstances are precisely I'm not sure I'm understanding your question your honor well you're saying you're saying that the that the that this court doesn't have jurisdiction because the decision turned on a question of fact right yes my question is isn't it really a question of law because she's saying regardless of what happened it's not applicable it doesn't it there was no there was no real resolution as to the the dispute of fact well I think what I know I'm out of time so would you with the court's indulgences could I please respond to the final argument yes I believe what the immigration judge was saying was the factual conclusion was that she the record showed that he didn't file for asylum because they were of an ignorance of the law and that's what the that is what the board affirmed the immigration judge's conclusion was and so his challenge that he did establish a change in circumstances that he asserted these robberies constitute a change in circumstances that is ultimately a factual dispute with the record so that is why the government believes that there's no jurisdiction to consider that issue and thank you your honor's thank you counsel you have about a minute left if you for rebuttal if you'd like to use it thank you your honor yes I'd like to briefly address the nexus and withholding of removal issue that's in particular social group petitioner belongs to is his family his brothers and outspoken critic of the cartels and the lack of security and petitioners home state of Veracruz and due to the criticism he was targeted leading to the multiple robberies so it wasn't a generalized violence petition believes it was a specific violence targeted the immigration judge pointed to the fact that the wife and children of the petitioners brother have never been harmed by cartel members of a proper weight was not given to the fact that all the petitioners brothers grown children had to move out of state for their safety the wife also travels regularly and is not regularly with her husband at the place of work so petitioner will be at a higher risk of suffering harm if he has to move back to Mexico and to Veracruz so although the immigration judge accepted petitioner second particular social group of family the judge incorrectly denied the petitioners membership in his family would be one central reason for future persecution so petitioner respectfully requests this court remand the case for the Board of Immigration Appeals and the immigration judge thank you your honors thank you counsel we thank counsel for their helpful arguments the case just argued is submitted for decision
judges: SCHROEDER, SUNG, Antoon